UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LIBERTY/SANIBEL II LIMITED
PARTNERSHIP d/b/a SANIBEL HARBOUR
RESORT & SPA, by and through its
General Partner, LRE PROPERTIES,
INC.,

            Plaintiff,

vs.                        Case No. 2:06-cv-16-FtM-29SPC

THE GETTYS GROUP, INC.,

            Defendant.
_____
THE GETTYS GROUP, INC.,

            Third-Party Plaintiff,

vs.

SORRENTINO MARIANI & COMPANY, INC.,
a Virginia corporation,

            Third-Party Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on the following filings by third-party defendant Sorrentino Mariani & Company Inc. ("Sorrentino"): (1) Objection to Magistrate's Order Regarding Errata Sheet of Andrew Fay (Doc. #100) filed on March 9, 2007; (2) Motion for Relief From Order Regarding Errata Sheet of Andrew Fay (Doc. #101) filed on March 9, 2007; (3) Objection to Magistrate's Order Concerning Enlargement of Time to Conduct Discovery Regarding Settlement Between Plaintiff and Defendant (Doc. #109) filed on

March 21, 2007; and (4) Supplement to Objection to Magistrate's Order concerning Enlargement of Time to Conduct Discovery Regarding Settlement Between Plaintiff and Defendant (Doc. #112) filed on March 29, 2007.

**A. Errata Sheet Appeal**

Upon the filing of Andrew Fay's[1] errata sheet, Sorrentino moved to strike the errata sheet on the grounds that the changes contained therein were substantive in nature, and that such changes violated the Federal Rules of Civil Procedure and established case law. (Doc. #79.)  The magistrate judge denied the motion, finding that Fed. R. Civ. P. 30(e)[2] does allow such changes, and that the majority of circuits have adopted a broad interpretation of the rule.  (Doc. #94.)  The magistrate judge's order authorized Sorrentino to reopen Andrew Fay's deposition to inquire about the changes.  Sorrentino filed an objection (Doc. #100) and a Motion for Relief from the magistrate judge's order (Doc. #101).

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the Court may reconsider or review a magistrate judge's

---

[1] Andrew Fay is the Gettys Group's President and Chief Operating Officer.  (Doc. #79, p. 3.)

[2] Fed. R. Civ. P. 30(e) provides in relevant part:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript . . . and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Order on a pretrial matter and shall modify such Order if it is shown that it was clearly erroneous or contrary to law. See, e.g., Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981)[3](pretrial orders of magistrate are reviewable under clearly erroneous and contrary to law standard, they are not subject to de novo determination as are magistrate's proposed findings and recommendations.)

Sorrentino asserts that the Eleventh Circuit's decision affirming the district court's order in Reynolds v. Int'l Bus. Machines Corp., 125 Fed. Appx. 982 (11th Cir. 2004) obliges this court to reverse the magistrate judge's order regarding the errata sheet. (Doc. #100, pp. 13-14; Doc. #101, p. 3.) This Court does not agree. First, while the Eleventh Circuit summarily affirmed the district court's order in Reynolds, it did not discuss any particular aspects of the decision. Second, as the Gettys Group points out in their response, the Reynolds court did not address striking an errata sheet but rather whether it was proper to disregard it in ruling on a motion for summary judgment. Reynolds v. Int'l Bus. Machines Corp., 320 F.Supp 2d 1290, 1301 (M.D. Fla. 2004). Third, as a non-published opinion Reynolds is not binding precedent. See 11th Cir. R. 36-2.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981(en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The next case relied on by Sorrentino is Amlong & Amlong, P.A. v. Denny's Inc., 457 F.3d 1180 (11th Cir. 2006). Sorrentino asserts that Judge Hill's dissenting opinion in that case is directly on point and supports their position. However, Judge Hill's dissenting opinion recognized that the majority opinion appears to accept extensive changes to a deposition through the use of the errata sheet. Amlong & Amlong, 457 F.3d at 1220. A district court cannot follow a dissenting opinion. See Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1513 (11th Cir. 1996).

Sorrentino also directs this court to several district court decisions to support the argument that the errata sheet must be stricken. However, "a district court is not bound by another district court's decision, or even an opinion by another judge of the same district court." Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991); see also McGinley v. Houston, 361 F.3d 1328 (11th Cir. 2004). Therefore, the magistrate judge acted within her authority in finding such decisions not to be persuasive.

Finding that the magistrate judge's order is neither clearly erroneous nor contrary to law, Sorrentino's objection is overruled and the motion for relief is denied.

**B. Objection Regarding Enlargement of Time for Discovery**

On February 22, 2007 Sorrentino filed a motion seeking to extend the discovery deadline in order to conduct additional discovery relating to the settlement entered between Liberty/Sanibel and the Gettys Group. (Doc. #89.) The magistrate

judge denied the motion, finding that Sorrentino has failed to provide good cause to further enlarge the discovery period given that the Gettys Group has agreed to provide Sorrentino with a copy of the settlement agreement.  (Doc. # 103.)

Sorrentino filed an objection to the magistrate judge's decision arguing that they are "entitled to, and must be permitted to, discover whether the settlement . . . was based on Sorrentino's contract with Gettys or on Gettys' contract with Liberty Sanibel." (Doc. 109, ¶12.) Subsequently, Sorrentino filed a supplement to their objection as new information had come to their attention. (Doc. #112.) Specifically, Sorrentino draws the Court's attention to The Gettys Group's Response in Opposition to Sorrentino's Motion to Strike the Deposition of John Polgar. In that response, The Gettys Group states that the settlement agreement assigned all of Sanibel's claims to the Gettys Group. (Doc. #112, p.2.)  Sorrentino, asserts that such a statement further supports their position that the discovery deadline must be extended to allow them a chance to inquire about the settlement agreement.

As discussed above in Section A, the standard of review of a magistrate judge's pretrial order is whether the order was clearly erroneous or contrary to law.  The Court finds that the magistrate judge's order is neither.  Finding that the magistrate judge properly denied the motion to extend the discovery deadline, the objection is overruled and the supplemental motion is denied.

Accordingly, it is now

**ORDERED**:

1. Sorrentino's Objection to Magistrate's Order Regarding Errata Sheet of Andrew Fay (Doc. #100) is **OVERRULED**.

2. Sorrentino's Motion For Relief From Order Regarding Errata Sheet of Andrew Fay (Doc. #101) is **DENIED**.

3. Sorrentino's Objection to Magistrate's Order Concerning Enlargement of Time to Conduct Discovery Regarding Settlement Between Plaintiff and Defendant (Doc. #109) is **OVERRULED.**

4. Sorrentino's Supplemental Motion to Supplement Their Objection to Magistrate's Order Concerning Enlargement of Time to Conduct Discovery Regarding Settlement Between Plaintiff and Defendant (Doc. #112) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of April, 2007.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record