```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

LIBERTY/SANIBEL II LIMITED
PARTNERSHIP d/b/a SANIBEL HARBOUR
RESORT & SPA, by and through its
General Partner, LRE PROPERTIES,
INC.,

      Plaintiff,

vs.          Case No. 2:06-cv-16-FtM-29SPC

THE GETTYS GROUP, INC.,

      Defendant.
_____
THE GETTYS GROUP, INC.,

      Third-Party Plaintiff,

vs.

SORRENTINO MARIANI & COMPANY, INC.,
a Virginia corporation,

      Third-Party Defendant.
_____

## OPINION AND ORDER

   This matter comes before the Court on the following motions by third-party defendant Sorrentino Mariani & Company Inc. ("Sorrentino"): (1) Motion to Exclude Witness Thomas Dossenbach (Doc. #80) filed on February 1, 2007; (2) Motion For Leave to File a Reply To The Gettys Group Inc's and Liberty/Sanibel II Limited Partnership's Response in Opposition to Motion to Exclude Witness Thomas Dossenbach (Doc. 96) filed on March 2, 2007; and (3) Motion to Strike Deposition of Expert John Polgar, or in the Alternative

to Require Him to Be Produced in Miami (Doc. #104) filed on March 12, 2007.

**A.   Thomas Dossenbach**

Sorrentino asks this Court to exclude the testimony of Thomas Dossenbach on two grounds: (1) failure to produce the Dossenbach's entire fire in connection with this case prior to his deposition or at the deposition pursuant to a subpoena; (2) he is not a qualified expert in the manufacturing of hospitality goods. In the alternative, Sorrentino asks this court for leave to re-depose him in order to "fully develop his opinions and the rationale for those opinions, prior to trial." (Doc. #80.)  Bboth Liberty/Sanibel and The Gettys Group filed a response in opposition  (Doc. ## 91, 92.)

Pursuant to the scheduling order (Doc. #26) plaintiffs had to disclose expert reports by October 16, 2006 and defendants by November 16, 2006.  Plaintiff Liberty/Sanibel tendered Thomas Dossenbach as their expert witness and made him available for deposition on January 3, 2007.  (Doc. #80-4.)  Plaintiff Liberty/Sanibel was administratively dismissed as a party on April 11, 2007.  (Doc. #115.)  Finding that Dossenbach is an expert witness for a party no longer before the Court and that none of the filings indicate that any remaining parties intend on calling him as a witness, or rely on his deposition in filing a summary judgement motion, the Court need not address the issues raised by Sorrentino and the motion is denied as moot.

**B.    John Polgar**

Sorrentino asks this Court to strike the deposition of expert witness John Polgar on three grounds: (1) The Gettys Group did not disclose him as an expert witness for them by the deadline set by the Court; (2) The Gettys Group can not utilize Polgar to change, contradict or impeach the testimony of its own corporate representative (Andrew Fay) and previously disclosed expert witness (Jeff Vaida); and (3) The Gettys Group did not allow them to conclude their examination of Polgar. (Doc. #104, pp. 7-8.)

The Gettys Group filed a response in opposition (Doc. #110) arguing that: (1) Sorrentino was on notice of Polgar's expert testimony, as his report was provided to them three months prior to the deadline; (2) Polgar's testimony does not contradict that of Andrew Fay, and there is no legal basis to strike a witness on the ground that their testimony contradicts that of another witness; and (3) Sorrentino did not cross notice Polgar's deposition and that they had ample time to cross examine the witness.

The Court finds that Sorrentino has not provided good cause to strike Polgar's deposition. First, while Sorrentino is correct that the Gettys Group did not disclose Polgar as their own expert, Sorrentino was on notice of his testimony and had an opportunity to cross examine him at the deposition when he was presented as Liberty/Sanibel's expert. Furthermore, Sorrentino also had the opportunity to retain their own expert to refute Polgar's assertions. Second, whether Polgar's testimony contradicts or

alters that of a corporate representative is immaterial in deciding whether to strike the testimony in its entirety.  Parties are free to contradict their own witnesses.  See Stamicarbon, N.V. v. Escambia Chemical Corp., 430 F.2d 920, 929 (5th Cir. 1970).[1]  Finally, Sorrentino was indeed allowed to examine Polgar at the deposition.  The fact that they did not complete their questioning is not grounds for a motion to strike in this case.  Sorrentino, does ask this Court, in the alternative, to continue the Polgar's deposition at the expense of the Gettys Group.  This issue is referred to the magistrate judge and the motion to strike is denied.

Accordingly, it is now

**ORDERED**:

1.   Sorrentino's Motion to Exclude Witness Thomas Dossenbach (Doc. #80) is **DENIED.**

2.   Sorrentino's Motion For Leave to File a Reply To The Gettys Group's and Liberty/Sanibel II LP's Response in Opposition to Motion to Exclude Witness Thomas Dossenbach (Doc. #96) is **DENIED** as moot.[2]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981(en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] The Court notes that Sorrentino's motion violated Local Rule 3.01(d).

3.   Sorrentino's Motion to Strike Deposition of Expert John Polgar, or in the Alternative to Require Him to Be Produced in Miami (Doc. #104) is **DENIED** as to the Motion to Strike, and **referred** as to the request for alternative relief to Sheri Polster Chappell, United States Magistrate Judge, for the issuance of an Order regarding the appropriate disposition of the alternative relief sought.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record